## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AUSTIN GLADHILL, # 322-221 | * | |
| Plaintiff | * | |
| v. | * | Civil Action Case No. CCB-08-3331 |
| ROBERT SHEARIN, WARDEN | * | |
| LT. OLAN CREEK | | |
| RODERICK SOWERS | * | |
| LT. DICKER | | |
| | * | |
| Defendants | | |

***

### MEMORANDUM

Defendants, by their counsel, move to dismiss or for summary judgment. Plaintiff pro se Austin Gladhill has filed an amended complaint and reply. The court shall grant Gladhill's motion to amend and deny defendants' dispositive motion, construed as a motion for summary judgment, without prejudice to refiling. Gladhill's motion for appointment of counsel shall be denied without prejudice, and his motion for a preliminary injunction shall be denied.

The Clerk shall withhold service to defendants named in the amended complaint pending response from counsel and the institutional litigation coordinator as to whether they will accept service by mail. If a motion for summary judgment is refiled, counsel is directed to provide copies of: 1) letters in Gladhill's inmate base file from plaintiff or his wife alleging safety concerns; 2) plaintiff's May 24, 2007 letter to Warden Shearin; and 3) declarations from relevant corrections personnel, including Lt. Dickens, Lt. Ambrose, Lt. Gonzales, and Lt. Molloy which address Gladhill's allegations. Counsel shall ensure that Gladhill is given an opportunity to review his base file in accordance with DOC procedures and shall inform the court when review has occurred.

Insofar as Gladhill moves for a preliminary injunction on the grounds that his cell mate destroyed his property after learning that he had acted as an informant, the motion shall be denied. Gladhill is presently in protective custody at the Eastern Correctional Institution and does not provide any suggestion of imminent harm. To obtain a preliminary injunction, Gladhill must establish: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, ---U.S. ----, ----, 129 S.Ct. 365, 374 (2008); *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009). Under the facts alleged, Gladhill fails to show imminent threat of harm and falls far short of satisfying the *Winter* standard.

Lastly, Gladhill seeks appointment of counsel. A court may in its discretion appoint an attorney to represent an indigent plaintiff proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). Appointment may be warranted depending on 1) the type and complexity of the case, and 2) the abilities of the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296 (1989). Gladhill has adequately filed his pleadings and responded in a timely and coherent fashion. He has not shown exceptional circumstances for appointment of counsel and the motion shall be denied without prejudice at this time. Orders consistent with this memorandum follow.

 March 30, 2010                                                             /s/
Date                                                                    Catherine C. Blake
                                                                           United States District Judge